1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID RAY WILLIAMS,

11          Plaintiff,                    No. CIV S-04-2559 LKK KJM P

12      vs.

13   CSP-SOLANO, et al.,

14          Defendants.          FINDINGS & RECOMMENDATIONS

15   _____/

16          Plaintiff is a California prisoner proceeding pro se with an action for violation of

17   civil rights under 42 U.S.C. § 1983.  Defendant Rohrer's January 12, 2005 motion to dismiss

18   plaintiff's claims against him is before the court.

19          Defendant asserts that plaintiff's claims against him should be dismissed because

20   plaintiff did not exhaust administrative remedies with respect to those claims prior to filing suit.

21   A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under

22   Rule 12(b) of the Federal Rules of Civil Procedure.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th

23   Cir. 2003).  In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court

24   may look beyond the pleadings and decide disputed issues of fact.  Id. at 1120.

25   /////

26   /////

                                 1

1    The exhaustion requirement is rooted in the Prison Litigation Reform Act, which

2   provides that "[n]o action shall be brought with respect to prison conditions under section 1983

3   of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C.

4   § 1997e(a).  California Department of Corrections (CDC) regulations provide administrative

5   procedures in the form of one informal and three formal levels of review to address plaintiff's

6   claims.  See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7.  Administrative procedures generally are

7   exhausted once a prisoner has received a "Director's Level Decision," or third level review, with

8   respect to his issues or claims.  Cal. Code Regs. tit. 15, § 3084.5.  All steps must be completed

9   before a civil rights action is filed, unless a plaintiff demonstrates a step is unavailable to him;

10  exhaustion during the pendency of the litigation will not save an action from dismissal.

11  McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002).  Defendants bear the burden of

12  proving plaintiff's failure to exhaust.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert.

13  denied sub nom. Alameida v. Wyatt, 540 U. S. 810 (2003).

14    In his complaint, plaintiff alleges defendant Rohrer was deliberately indifferent to

15  plaintiff's medical needs in violation of the Eighth Amendment on December 12, 2003 and

16  September 22, 2004.  Compl. at 5 & 7.  On both occasions plaintiff alleges defendant Rohrer

17  failed to adequately treat pain plaintiff experienced in his mid-section.[1]  This action was filed on

18  December 2, 2004.

19    Based upon a careful review of all the materials submitted by the parties, it

20  appears that plaintiff has not exhausted administrative remedies with respect to any incident

21  involving defendant Rohrer on September 22, 2004.  None of the grievances or other material

22  submitted by the parties refers to the September 22, 2004 incident; given the multiple levels of

23  review in the inmate grievance process and the time allowed for resolution at each level, it is

24  highly unlikely that plaintiff could have had a grievance concerning the events of that day fully

---

25

26    [1] Plaintiff makes other allegations with respect to Rohrer in his complaint.  Compl. at 4.
However, these allegations do not state a claim upon which relief can be granted.

1  resolved before he filed this action on December 2, 2004.  See Cal. Code Regs. tit. 15, § 3084.6

2  (appeal time limits).

3        With respect to the December 12, 2003 incident, Exhibit E to defendant Rohrer's

4  motion indicates that plaintiff did file a grievance concerning the actions of defendant Rohrer on

5  that date.  While it does not appear from the face of defendant's Exhibit E that plaintiff

6  proceeded to the Director's Level with respect to this grievance, #04-00837, plaintiff provides a

7  letter from N. Grannis dated January 5, 2005 indicating that the issues raised in the grievance

8  were adjudicated at the Director's Level.  Opp'n filed Feb. 3, 2006, Ex. 4; see also id. at 31-32

9  (photocopy of grievance #04-00837 showing grievance submitted for Director's Level review on

10  May 10, 2004.  It is not clear from the record when exactly the grievance process ended with

11  respect to grievance #04-00837.

12        Based on the foregoing, the court finds that defendants have not met their burden

13  of showing that plaintiff did not exhaust administrative remedies with respect to his claim against

14  defendant Rohrer concerning events occurring on December 12, 2003.  However, the court will

15  recommend that plaintiff's claims against Rohrer concerning events occurring on September 22,

16  2004 be dismissed.

17        In accordance with the above, IT IS HEREBY RECOMMENDED that:

18        1.  Defendant Rohrer's January 12, 2006 motion to dismiss be granted with

19  respect to plaintiff's claim arising from events that occurred on September 22, 2004; and

20        2.  Defendant Rohrer's January 12, 2006 motion to dismiss be denied with respect

21  to plaintiff's claim arising from events that occurred on December 12, 2003.

22        These findings and recommendations are submitted to the United States District

23  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

24  days after being served with these findings and recommendations, any party may file written

25  objections with the court and serve a copy on all parties.  Such a document should be captioned

26  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

1  shall be served and filed within ten days after service of the objections.  The parties are advised

2  that failure to file objections within the specified time may waive the right to appeal the District

3  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

4  DATED:  August 3, 2006.

_____

UNITED STATES MAGISTRATE JUDGE

1
will2559.57

4