1
2
3
4
5
6
7
8               IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID RAY WILLIAMS,

11            Plaintiff,              No. CIV S-04-2559 LKK KJM P

12        vs.

13   CSP-SOLANO, et al.,

14            Defendants.          FINDINGS AND RECOMMENDATIONS

15   _____/

16            Plaintiff is a California prisoner proceeding pro se with an action for violation of

17   civil rights under 42 U.S.C. § 1983.  This action currently is proceeding against defendants

18   Parker, Rohrer and Solomon, all current and former California Department of Corrections and

19   Rehabilitation (CDCR) employees, for alleged violations of plaintiff's Eighth Amendment rights.

20   Four matters are before the court.

21   1.  Suggestion of Death

22            On August 11, 2006, defendants filed and served a suggestion of death on the

23   record as to defendant Parker, under Federal Rule of Civil Procedure 25(a)(1).  That rule

24   provides that plaintiff had 90 days within which to file a motion to substitute another party for

25   defendant Parker.  Plaintiff has not filed a motion for substitution.  Therefore this court will

26   recommend that defendant Parker be dismissed.

1

2.  <u>Motion For Temporary Restraining Order</u>

On March 31, 2006, plaintiff filed a motion asking that the court order as follows:

1.  That defendants Rohrer, Parker and Solomon provide plaintiff with "a medically appropriate course of conduct," and

2.  That the warden at CSP Solano (CSPS) "investigate why plaintiff was personally requested by [defendant] Dr. Rohrer on 3-9-006, which plaintiff was intimidated, and also was denied medical chronos that would have prevented plaintiff present and future pain and injury."  Mot. at 2-3.

More recently, plaintiff has informed the court that he has been released from prison.  <u>See</u> Docket entry #81.  Therefore, request number 1 is moot.  <u>Dilley v. Gunn</u>, 64 F.3d 1365, 1368 (9th Cir. 1995).  Request number 2 is barely intelligible, and in any case also appears moot as a request for injunctive relief because plaintiff is no longer subject to health care in prison.  <u>Id</u>.  Therefore, the court will recommend that plaintiff's March 31, 2006 motion be denied.

3.  <u>Motion To Dismiss Defendant Solomon</u>

On April 20, 2006, defendants filed a motion to dismiss plaintiff's claim against defendant Solomon, a prison doctor.  In the motion, defendants argue that plaintiff failed to exhaust administrative remedies with respect to his claim against defendant Solomon prior to filing suit.

A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003).  In deciding a motion to dismiss for a failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact.  <u>Id</u>. at 1120.  If the district court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice.  <u>Id</u>.

/////

1         The Prison Litigation Reform Act provides that "[n]o action shall be brought with

2 respect to prison conditions under section 1983 of this title, . . . until such administrative

3 remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  California prison regulations

4 provide administrative procedures in the form of one informal and three formal levels of review

5 to address plaintiff's claims.  See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7.  Administrative

6 procedures generally are exhausted once a prisoner has received a "Director's Level Decision,"

7 or third level review, with respect to his issues or claims.  Cal. Code Regs. tit. 15, § 3084.5.  All

8 steps must be completed before a civil rights action is filed, unless a plaintiff demonstrates a step

9 is unavailable to him; exhaustion during the pendency of the litigation will not save an action

10 from dismissal.  McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002).  Defendants bear the

11 burden of proving plaintiff's failure to exhaust.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th

12 Cir.), cert. denied sub nom. Alameida v. Wyatt, 540 U.S 810 (2003).

13         With respect to defendant Solomon, plaintiff alleges in his complaint that he

14 visited Solomon on October 19, 2004 for severe pain and lumps in his abdominal area and pain

15 in his lymph nodes.  Plaintiff claims Solomon checked plaintiff for a hernia, told him the pain in

16 his lymph nodes was normal and gave plaintiff hemorrhoid medication.  Compl. at 11.[1]  In this

17 court's May 19, 2005 order, the court construed these allegations to state a claim upon which

18 relief could be granted under the Eighth Amendment.

19         Defendants have provided evidence indicating that plaintiff did in fact file a

20 grievance concerning his claim against defendant Solomon.  See, e.g., Mot. to Dismiss, Decl. of

21 Debbie Falconer at Ex. F.  However, the evidence also indicates that plaintiff did not exhaust the

22 grievance process before filing this action on December 2, 2004, because he did not obtain a

23 "Director's Level Decision" before that time.  Id.

24

25       [1] Plaintiff makes other allegations concerning Solomon in his complaint.  However, none
of these allegations amount to another claim upon which relief can be granted.  See Compl. at 8-9

26 (describing appointments with Solomon and unobjectionable treatments).

1    In his opposition, plaintiff mostly discusses grievances he filed that do not

2  concern the claim before the court against defendant Solomon.  In any case, plaintiff does not

3  allege that he completed the grievance process with respect to this claim, nor does plaintiff make

4  a showing that administrative remedies were otherwise not available to him when this action was

5  filed.  See, e.g., Opp'n at 2-12 (docket no. 40; identifying only grievances initiated by plaintiff

6  before October 19, 2004).  For these reasons, defendant Solomon's motion to dismiss should be

7  granted.

8  4.  Motion For Summary Judgment[2]

9    On August 31, 2006, defendants Rohrer and Solomon filed a motion for summary

10 judgment.  Given that the court is recommending that defendant Solomon be dismissed, the court

11 need not reach defendants' argument concerning the remaining claims against defendant

12 Solomon.  The motion as to defendant Rohrer is resolved below.

13    A.  Summary Judgment Standard

14    Summary judgment is appropriate when it is demonstrated that there exists "no

15 genuine issue as to any material fact and that the moving party is entitled to a judgment as a

16 matter of law."  Fed. R. Civ. P. 56(c).

17    Under summary judgment practice, the moving party

18    always bears the initial responsibility of informing the district court
      of the basis for its motion, and identifying those portions of "the
19    pleadings, depositions, answers to interrogatories, and admissions
      on file, together with the affidavits, if any," which it believes
20    demonstrate the absence of a genuine issue of material fact.

21 Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c).  "[W]here the

22 nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary

23 judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers

24

25    [2] Under Local Rule 78-230(m) a party may file an opposition to a motion for summary
   judgment and then the moving party may file a reply.  On October 11, 2006, plaintiff filed a
   response to defendants' reply without seeking leave to do so.  Accordingly, this court has not
26 considered plaintiff's October 11, 2006 response.

1    to interrogatories, and admissions on file.'"  Id.  Indeed, summary judgment should be entered,

2    after adequate time for discovery and upon motion, against a party who fails to make a showing

3    sufficient to establish the existence of an element essential to that party's case, and on which that

4    party will bear the burden of proof at trial.  See id. at 322.  "[A] complete failure of proof

5    concerning an essential element of the nonmoving party's case necessarily renders all other facts

6    immaterial."  Id.  In such a circumstance, summary judgment should be granted, "so long as

7    whatever is before the district court demonstrates that the standard for entry of summary

8    judgment, as set forth in Rule 56(c), is satisfied."  Id. at 323.

9            If the moving party meets its initial responsibility, the burden then shifts to the

10   opposing party to establish that a genuine issue as to any material fact actually does exist.  See

11   Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to

12   establish the existence of this factual dispute, the opposing party may not rely upon the

13   allegations or denials of its pleadings but is required to tender evidence of specific facts in the

14   form of affidavits, and/or admissible discovery material, in support of its contention that the

15   dispute exists.  See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.  The opposing party

16   must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome

17   of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

18   (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.

19   1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

20   return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433,

21   1436 (9th Cir. 1987).

22           In the endeavor to establish the existence of a factual dispute, the opposing party

23   need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the

24   claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

25   versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary

26   judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a

1   genuine need for trial.'"  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory

2   committee's note on 1963 amendments).

3            In resolving the summary judgment motion, the court examines the pleadings,

4   depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

5   any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson,

6   477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the

7   court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.

8   Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to

9   produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen

10  Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.

11  1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply

12  show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken

13  as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

14  'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

15           On August 25, 2005, the court advised plaintiff of the requirements for opposing a

16  motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See Rand v. Rowland, 154

17  F.3d 952, 957 (9th Cir. 1998) (en banc),  cert. denied, 527 U.S. 1035 (1999); Klingele v.

18  Eikenberry, 849 F.2d 409 (9th Cir. 1988).

19       B.  Plaintiff's Allegations

20           In his December 2, 2004 complaint, which is signed under the penalty of perjury,

21  plaintiff alleges that on December 12, 2003 plaintiff visited defendant Rohrer in the medical

22  clinic at CSPS because plaintiff had been suffering from internal abdominal pain, and pain

23  associated with infections and lumps around his abdominal area.  Defendant Rohrer did nothing

24  for plaintiff other than give him anti-bacterial soap.  Compl. at 7-8.

25           In this court's May 19, 2005 order, the court construed these allegations to state a

26  claim upon which relief can be granted under the Eighth Amendment.  In this court's August 4,

1   2006 findings and recommendations, the court confirmed the only claim remaining against

2   defendant Rohrer is plaintiff's claim that Rohrer was deliberately indifferent to plaintiff's serious

3   medical needs on December 12, 2003.

4        C.   Eighth Amendment Standard For Providing Inmates Medical Care

5        The Eighth Amendment demands that prison officials not act in a manner

6   "sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v.

7   Gamble, 429 U.S. 97, 106 (1976).  An Eighth Amendment claim based on inadequate medical

8   care has two elements, "the seriousness of the prisoner's medical need and the nature of the

9   defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).

10        A medical need is "serious" "if the failure to treat the prisoner's condition could

11   result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id.

12   (quoting Estelle, 429 U.S. at 104).

13        Deliberate indifference to a medical need is shown when a prison official knows

14   that an inmate has a serious medical need and disregards that need by failing to respond

15   reasonably to it.  See Farmer v. Brennan, 511 U.S. 825 (1994).  "[A] prison official cannot be

16   found liable under the Eighth Amendment for denying an inmate humane conditions of

17   confinement unless the official knows of and disregards an excessive risk to inmate health or

18   safety; the official must both be aware of facts from which the inference could be drawn that a

19   substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

20   /////

21   /////

22   /////

23   /////

24   /////

25   ////

26   /////

7

D. <u>Defendants' Argument And Analysis</u>

In his declaration, defendant Rohrer asserts the following occurred on December 12, 2003:

> Plaintiff returned on December 12, 2003, for follow up. Plaintiff was concerned about recurrent abscess. I explained to plaintiff that abscess can sometimes be the result of colonization of the skin by staphylococcus bacteria. I prescribed antibacterial soap that would leave bacterial residue on the skin to combat colonization of the skin by staphylococcus.

Rohrer Decl. at ¶ 10.[3] Rohrer does not address plaintiff's assertion that he was suffering from, and complained of, internal abdominal pain.

Based on the record before the court, the court finds that there is a genuine issue of material fact as to whether defendant Rohrer was deliberately indifferent to any internal injuries plaintiff may have been suffering on December 12, 2003. Accordingly, the court will recommend that defendants' motion for summary judgment be denied with respect to plaintiff's remaining claim against defendant Rohrer.[4]

/////

/////

/////

/////

---

[3] The Rohrer declaration is attached to the Woodbridge Guess declaration.

[4] Defendants assert a number of objections to the evidence presented by plaintiff in opposition to their motion. The court need not rule on these objections as the information provided by plaintiff in his verified complaint is sufficient to defeat defendants' motion for summary judgment against defendant Rohrer. <u>See</u> <u>Schroeder v. McDonald</u>, 55 F.3d 454, 460 (9th Cir. 1995) ("A verified complaint may be used as an opposing affidavit under Rule 56."). Defendants cite <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 n.11 (1986) for the proposition that plaintiff may not rely upon his pleadings in order to defeat summary judgement. The <u>Matsushita</u> footnote, however, merely restates Rule 56(e) of the Federal Rules of Civil Procedure, which states that a party cannot rely on the "mere allegations or denials of his pleadings" in order to defeat summary judgment, but must present affidavits in support of his opposition. Plaintiff's complaint does not present "mere allegations or denials" but is presented in affidavit form. Compl. at 6.

1    In accordance with the above, IT IS HEREBY RECOMMENDED that:

2    1.  Defendant Parker be dismissed;

3    2.  Plaintiff's March 31, 2006 request for a temporary restraining order be denied;

4    3.  Defendants' April 20, 2006 motion to dismiss be granted;

5    4.  Defendant Solomon be dismissed; and

6    5.  Defendants' August 31, 2006 motion for summary judgment as to defendant

7  Rohrer be denied.

8         These findings and recommendations are submitted to the United States District

9  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

10  days after being served with these findings and recommendations, any party may file written

11  objections with the court and serve a copy on all parties.  Such a document should be captioned

12  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

13  shall be served and filed within ten days after service of the objections.  The parties are advised

14  that failure to file objections within the specified time may waive the right to appeal the District

15  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

16  DATED:  January 16, 2007.

17

18                                             _____

19                                             U.S. MAGISTRATE JUDGE

20  1
    will2559.57

21

22

23

24

25

26